IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BENJAMIN ARCHULETA,

    Plaintiff,

v.                                                    No. 1:19-cv-00682-MV/JHR

TRENT BETTES,
KELLY JOHNSON, and
FARMERS INSURANCE CO.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR MORE DEFINITE STATEMENT
AND TO SHOW CAUSE**

**THIS MATTER** comes before the Court on Defendants' Motion for More Definite Statement, Doc. 8, filed October 7, 2019 ("Motion"), and on Plaintiff's Motion for Writ of Certiorari, Doc. 13, filed February 14, 2020.

**Defendants' Motion for More Definite Statement**

Defendants correctly assert that Plaintiff's "Complaint consists of citations to numerous federal statutory and constitutional provisions without any discernible explanation as to how such authority is implicated or how Plaintiff is entitled to relief pursuant to such authority against these Defendants." Motion at 1. Plaintiff has not filed a response opposing the Motion.

The Court grants Defendants' Motion for More Definite Statement because there are no factual allegations supporting the claims pursuant to the numerous federal statutory and constitutional provisions. *See also* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion").

**Plaintiff's Motion for Writ of Certiorari**

Plaintiff's Motion for Writ of Certiorari states in its entirety:

Entered. Pursuant to Title 42 USC 1980-850 Breach of Trust Contract Libel and Liability It is Entered and Motioned in the Interest of Justice Law and Equity affording and Mandating the reasonable sum of (10) million dollars without delay, Spirit of the (A).

[sic] Doc. 13 at 1.

The Court denies Plaintiff's Motion for Writ of Certiorari because it does not "state with particularity the grounds" for the relief sought as required by D.N.M.LR-Civ. 7.1(a).

**Order to Show Cause**

The Court has imposed filing restrictions on Plaintiff after noting that:

Plaintiff has initiated five civil cases in the District of New Mexico, each of which was largely unintelligible and was dismissed. *See* [*Archuleta v. Chavez*, 1:19-cv-00672-MV-JFR (dismissed for failure to state a claim,] *Archuleta-Allodial v. Chavez*, No. 1:19-cv-00085-MV-SCY (dismissed for failure to state a claim); *Archuleta-Allodial v. New Mexico*, No. 1:19-cv-00084-WJ-JFR (dismissed for lack of subject-matter jurisdiction); *Archuleta v. Sanchez*, No. 1:17-cv-00530-JB-LF (dismissed for lack of subject-matter jurisdiction); *Archuleta v. Martinez*, No. 1:17-cv-00353-MV-SCY (dismissed for lack of subject-matter jurisdiction). The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.

Doc. 5 at 4-5, filed August 8, 2019 in *Archuleta v. Chavez*, 1:19-cv-00672-MV-JFR. Those filing restrictions enjoin Plaintiff from further litigation unless: (i) a licensed attorney who is admitted to practice before this Court signs Plaintiff's filings; or (ii) Plaintiff obtains permission to proceed *pro se*. Those filing restrictions do not apply to this case because Plaintiff filed this case shortly before the Court imposed filing restrictions.

While Plaintiff's Complaint in this case states a plausible breach of contract claim against Defendants, the remainder of the Complaint and the other documents Plaintiff has filed in this case

2

are, as were his previous five cases, largely unintelligible. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing this case.

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to return without filing any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless:

1. a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or

2. the Plaintiff has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure

3

and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system.

Plaintiff is ordered to show cause within fourteen (14) days from the date of this order why this Court should not enter the proposed filing restrictions. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. Absent a timely response to this Order to Show Cause, the proposed filing restrictions will enter fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff does file a timely response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Plaintiff's objections.

**IT IS ORDERED** that:

(i) Defendants' Motion for More Definite Statement, Doc. 8, filed October 7, 2019, is **GRANTED.** Plaintiff shall, within 14 days from entry of this Order, file a more definite statement of the claims asserted in his Complaint. Failure to timely file a more definite statement may result in dismissal of this case.

(ii) Plaintiff's Motion for Writ of Certiorari, Doc. 13, filed February 14, 2020, is **DENIED.**

(iii) Plaintiff shall, within 14 days of entry of this Order, show cause why the Court should not impose the filing restrictions described above. Failure to timely show cause may result in dismissal of this case.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**